| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>215-627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>MidFirst Bank | **Order Filed on December 29, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br>William F. Carlin Jr.<br>Leona M. Carlin<br>Debtors | Case No.:  23-18804 ABA<br><br>Hearing Date: 1/10/2024 @ 9:00 a.m.<br><br>Judge:  Andrew B. Altenburg, Jr. |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: December 29, 2023**

*/s/ Andrew B. Altenburg, Jr.*

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2
Debtors:       William F. Carlin Jr. & Leona M. Carlin
Case No.:      23-18804 ABA
Caption:       **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, MidFirst Bank, holder of a mortgage on real property located at 306 Madison Avenue, Newfield, NJ, 08344, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Mitchell L. Chambers Jr. Esquire, attorney for Debtors, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors are to pay the arrearage claim in full through the Chapter 13 plan per the terms of the proposed plan; and

It **ORDERED, ADJUDGED and DECREED** that Debtors reserves the right to object to the claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors are to obtain a loan modification by 1/31/2024, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors are to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event a final loan modification is unsuccessful, Debtors will file a modified plan to address the pre- and post-petition arrears to Secured Creditor; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.